**FILED**
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

JUL 03 2017

MATTHEW J. DYKMAN
CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Criminal No. 16-CR-04360 MCA |
| ) | |
| vs. ) | |
| ) | |
| DANIEL SCHIFFMILLER, ) | |
| ) | |
| Defendant. ) | |

# PLEA AGREEMENT

Pursuant to Rule 11(c)(1)(C), Fed. R. Crim. P., the parties notify the Court of the following agreement between the United States Attorney for the District of New Mexico, the Defendant, **DANIEL SCHIFFMILLER**, and the Defendant's counsel, **JOHN BUTCHER**:

## REPRESENTATION BY COUNSEL

1. The Defendant understands the Defendant's right to be represented by an attorney and is so represented. The Defendant has thoroughly reviewed all aspects of this case with the Defendant's attorney and is fully satisfied with that attorney's legal representation.

## RIGHTS OF THE DEFENDANT

2. The Defendant further understands the Defendant's rights:

    a. to be prosecuted by indictment;

    b. to plead not guilty, or having already so pleaded, to persist in that plea;

    c. to have a trial by jury; and

    d. at a trial:

        1) to confront and cross-examine adverse witnesses,

        2)        to be protected from compelled self-incrimination,

        3)        to testify and present evidence on the Defendant's own behalf, and

        4)        to compel the attendance of witnesses for the defense.

## WAIVER OF RIGHTS AND PLEA OF GUILTY

3. The Defendant agrees to waive these rights and to plead guilty to the Indictment, charging violations of 26 U.S.C. §§ 5841, 5845(a), 5861(d), and 5871, that being Possession of Unregistered Firearm; and Count 2, 26 U.S.C. §§ 5842(b), 5845(a), 5861(i), and 5871, that being Possession of a Firearm Having No Serial Number.

## SENTENCING

4. The defendant understands that the maximum penalty the Court can impose is:

    a.     imprisonment for a period of not more than ten (10) years;

    b.     a fine not to exceed the greater of $10,000;

    c.     a mandatory term of supervised release of not less than three (3) years (If the defendant serves a term of imprisonment, is then released on supervised release, and violates the conditions of supervised release, the defendant's supervised release could be revoked--even on the last day of the term--and the defendant could then be returned to another period of incarceration and a new term of supervised release.); and

    d.     a mandatory special penalty assessment of $100.00.

5. The parties recognize that the federal sentencing guidelines are advisory, and that the Court is required to consider them in determining the sentence it imposes.

6. The parties are aware that the Court will decide whether to accept or reject this plea agreement. The Court may defer its decision as to acceptance or rejection until there has been an

opportunity to consider the presentence report.  Pursuant to Federal Rule of Criminal Procedure 11(c)(5), if the Court rejects this plea agreement, the defendant shall have the right to withdraw the defendant's plea of guilty.

7.  Regardless of any other provision in this agreement, the United States reserves the right to provide to the United States Pretrial Services and Probation Office and to the Court any information the United States believes may be helpful to the Court, including but not limited to information about the recommendations contained in this agreement and any relevant conduct under U.S.S.G. § 1B1.3.

## ELEMENTS OF THE OFFENSE

8.  If this matter proceeded to trial, the Defendant understands that the United States would be required to prove, beyond a reasonable doubt, the following elements for violations of the charges listed below:

Count 1, that being Possession of Unregistered Firearm in violation of 26 U.S.C. §§ 5841, 5845(a), 5861(d), and 5871:

*First:*  the Defendant knowingly possessed a firearm that had (a) characteristic(s) which required it to be registered in the National Firearms Registration and Transfer Record, specifically, that it was a short-barreled shotgun; and

*Second:*  the Defendant knew that the firearm had that/those characteristic(s); and

*Third:*  the firearm was not registered in the National Firearms Registration and Transfer Record.

and Count 2, that being Possession of a Firearm Having No Serial Number in violation of 26 U.S.C. §§ 5842(b), 5845(a), 5861(i), and 5871:

3

*First:*   the Defendant knowingly possessed a firearm that had (a) characteristic(s) which required it to be registered in the National Firearms Registration and Transfer Record, specifically, that it was a short-barreled shotgun; and

*Second:*   the Defendant knew that the firearm had that/those characteristic(s); and

*Third:*   the firearm was not registered in the National Firearms Registration and Transfer Record.

## **DEFENDANT'S ADMISSION OF FACTS**

9. By my signature on this plea agreement, I am acknowledging that I am pleading guilty because I am, in fact, guilty of the offense(s) to which I am pleading guilty. I recognize and accept responsibility for my criminal conduct. Moreover, in pleading guilty, I acknowledge that if I chose to go to trial instead of entering this plea, the United States could prove facts sufficient to establish my guilt of the offense(s) to which I am pleading guilty beyond a reasonable doubt, including any facts alleged in the indictment that increase the statutory minimum or maximum penalties. I specifically admit the following facts related to the charges against me, and declare under penalty of perjury that all of these facts are true and correct:

    a.   On or about the September 14, 2016, in Santa Fe County, in the District of New Mexico, I knowingly received and possessed a firearm, to wit: a modified shotgun chambered for a .410 shotgun shell having an overall length of less than 26 inches and a barrel of less than 18 inches in length which was not registered to me in the National Firearms Registration and Transfer Record.

    b.   On or about September 14, 2016, in Santa Fe County, in the District of New Mexico, I knowingly received and possessed a firearm, to wit: a modified shotgun

chambered for a .410 shotgun shell having an overall length of less than 26 inches and a barrel of less than 18 inches in length and having no serial number.

10.     By signing this agreement, the Defendant admits that there is a factual basis for each element of the crime(s) to which the Defendant is pleading guilty.  The Defendant agrees that the Court may rely on any of these facts, as well as facts in the presentence report, to determine the Defendant's sentence, including, but not limited to, the advisory guideline offense level.

## RECOMMENDATIONS

11.     The United States and the Defendant recommend as follows:

a.      The parties recommend that the Court find that the applicable guidelines offense level, before application of adjustments for acceptance of responsibility, is 18 pursuant to USSG § 2K2.1(a)(5) and that no enhancements, including the enhancement set forth at USSG § 2K2.1(b)(4)(B) for possession of a firearm with an altered or obliterated serial number, apply in this case.

b.      The parties recommend that the Court find that the Defendant has a criminal history category (CHC) of I.

c.      The Defendant and the United States have made an AGREEMENT pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), that a specific sentence of no less than 12 months and no greater than 30 months' imprisonment is the appropriate sentence in this case.  This agreement takes into account the Defendant's acceptance of responsibility, with no further reduction to occur.  In addition, the Court may order a fine not to exceed $250,000, a

term of supervised release of not less than 3 years, following imprisonment, a mandatory special penalty assessment of $100 and restitution.

        d.    If the Court accepts the plea agreement, it must inform the Defendant that the agreed upon disposition will be included in the judgment, and the Court is bound by the terms of the plea agreement once the Court accepts the plea agreement.

    12.    Apart from the recommendations set forth in this plea agreement, the United States and the Defendant reserve their rights to assert any position or argument with respect to the sentence to be imposed within the range agreed to herein, including but not limited to the applicability of particular sentencing guidelines, adjustments under the guidelines, departures or variances from the guidelines, and the application of factors in 18 U.S.C. § 3553(a).

## DEFENDANT'S ADDITIONAL AGREEMENT

    13.    The Defendant understands the Defendant's obligation to provide the United States Pretrial Services and Probation Office with truthful, accurate, and complete information. The Defendant represents that the Defendant has complied with and will continue to comply with this obligation.

    14.    Except under circumstances where the Court, acting on its own, rejects this plea agreement, the Defendant agrees that, upon the Defendant's signing of this plea agreement, the facts that the Defendant has admitted under this plea agreement as set forth above, as well as any facts to which the Defendant admits in open court at the Defendant's plea hearing, shall be admissible against the Defendant under Federal Rule of Evidence 801(d)(2)(A) in any subsequent proceeding, including a criminal trial, and the Defendant expressly waives the

Defendant's rights under Federal Rule of Criminal Procedure 11(f) and Federal Rule of Evidence 410 with regard to the facts the Defendant admits in conjunction with this plea agreement.

15. The Defendant recognizes that this plea agreement has already conferred a benefit on the Defendant. Consequently, in return for the benefit conferred on the Defendant by entering into this agreement, the Defendant agrees not to seek a downward departure or variance from the specific sentence the Court determines within the range of no less than 12 months and no more than 30 months, as agreed to by the parties pursuant to Rule 11(c)(1)(C) of the Federal rules of Criminal Procedure. If the parties, in violation of this paragraph, should nevertheless seek a downward departure or variance outside the range of no less than 12 months and no more than 30 months the United States shall have the right to treat this plea agreement as null and void and to proceed to trial on all charges before the Court.

## WAIVER OF APPEAL RIGHTS

16. The Defendant is aware that 28 U.S.C. § 1291 and 18 U.S.C. § 3742 afford a defendant the right to appeal a conviction and the sentence imposed. Acknowledging that, the Defendant knowingly waives the right to appeal the Defendant's conviction(s) and any sentence, including any fine, imposed in conformity with this Fed. R. Crim. P. 11(c)(1)(C) plea agreement. In addition, the Defendant agrees to waive any collateral attack to the Defendant's conviction(s) and any sentence, including any fine, pursuant to 28 U.S.C. §§ 2241, 2255, or any other extraordinary writ, except on the issue of defense counsel's ineffective assistance.

## GOVERNMENT'S ADDITIONAL AGREEMENT

17. Provided that the Defendant fulfills the Defendant's obligations as set out above, the United States agrees that:

    a. The United States will not bring additional criminal charges against the Defendant arising out of the facts forming the basis of the present information.

  18. This agreement is limited to the United States Attorney's Office for the District of New Mexico and does not bind any other federal, state, or local agencies or prosecuting authorities.

## VOLUNTARY PLEA

  19. The Defendant agrees and represents that this plea of guilty is freely and voluntarily made and is not the result of force, threats, or promises (other than the promises set forth in this agreement and any addenda). The Defendant also represents that the Defendant is pleading guilty because the Defendant is in fact guilty.

## VIOLATION OF PLEA AGREEMENT

  20. The Defendant agrees that if the Defendant violates any provision of this agreement, the United States may declare this agreement null and void, and the Defendant will thereafter be subject to prosecution for any criminal violation, including but not limited to any crime(s) or offense(s) contained in or related to the charges in this case, as well as perjury, false statement, obstruction of justice, and any other crime committed by the Defendant during this prosecution.

## SPECIAL ASSESSMENT

  21. At the time of sentencing, the Defendant will tender to the United States District Court, District of New Mexico, 333 Lomas Blvd. NW, Suite 270, Albuquerque, New Mexico 87102, a money order or certified check payable to the order of the **United States District Court** in the amount of $\underline{100}$ in payment of the special penalty assessment described above.

## ENTIRETY OF AGREEMENT

22. This document and any addenda are a complete statement of the agreement in this case and may not be altered unless done so in writing and signed by all parties. This agreement is effective upon signature by the Defendant and an Assistant United States Attorney.

AGREED TO AND SIGNED this 3rd day of July, 2017.

JAMES D. TIERNEY
Acting United States Attorney

GEORGE C. KRAEHE
Assistant United States Attorney
Post Office Box 607
Albuquerque, New Mexico 87102
(505) 346-7274

I have carefully discussed every part of this agreement with my client. Further, I have fully advised my client of my client's rights, of possible defenses, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of the relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

JOHN BUTCHER
Attorney for the Defendant

I have carefully discussed every part of this agreement with my attorney. I understand the terms of this agreement, and I voluntarily agree to those terms. My attorney has advised me of my rights, of possible defenses, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of the relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement.

DANIEL SCHIFFMILLER
Defendant

9